UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORTNEY WARD, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:17-CV-2331 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred,[1] as well as non-cognizable. Movant will be asked to show cause why this matter should not be dismissed.

**Background**

On October 13, 2015, movant pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Ward*, 4:15CR38 AGF (E.D. Mo.). The Court sentenced petitioner to a prison term of seventy (70) months' imprisonment (Counts I and II), to be served concurrently, and two years' of supervised release. Petitioner's federal sentence was to run consecutively to any sentences imposed in the Circuit Court for St. Louis under Docket Nos. 1422-CR00112-01 and 1522-CR01777-01. Movant did not appeal his federal conviction or sentence.

---

[1] The Court takes judicial notice that movant brought a petition pursuant to 28 U.S.C. § 2241 in this Court making the same, or similar, arguments as those contained in the instant motion by placing his petition in the mail on June 9, 2017. *See Ward v. Bureau of Prisons*, 4:17-CV-1673 JCH (E.D. Mo.). The Court addressed petitioner's arguments under § 2241 and provided petitioner with a court form for filing motions to vacate, brought pursuant to 28 U.S.C. § 2255, on June 22, 2017. Movant filed the instant action by placing it in the prison mailing system on August 3, 2017.

**Discussion**

**A. Movant's § 2255 Claims Are Time-Barred**

In the instant motion, movant asserts three grounds for relief. Movant argues "18 U.S.C. Appx. 4B.1.1 Criminal History – Sentence for Certain non-violent felony specified offenses are never counted – 4A.1.2.(c)2." Movant appears to be mixing two arguments in his first ground for relief. He first claims that nothing in § 4A1.1 of the United States Sentencing Guidelines ("U.S.S.G.") allows the Court to assess criminal history points for prior non-violent offenses. Movant is incorrect.

There is no provision in the U.S.S.G. prohibiting the assessment of criminal history points for prior non-violent offenses. A review of the Presentencing Report in movant's criminal action shows that movant's total prior criminal convictions resulted in a subtotal criminal history score of five (5).[2] However, because he committed his crime in federal court while under a criminal justice sentence for state court Docket No. 1422-CR00112-01, two (2) points were added to movant's criminal history score, making his total score seven (7). *See* U.S.S.G. § 4A1.1(d). As such, movant's criminal history was a Category IV, resulting in a Total Offense Level Score of 23 and an advisory guideline range in the U.S.S.G. of 70-87 months' of imprisonment.

---

[2] Under § 4A1.1(c), movant was assessed one (1) prior criminal history point for a "prior sentence not counted," for his possession of marijuana charge in O'Fallon, Missouri on June 21, 2010. Movant was also assessed two (2) prior criminal history points for his conviction of felony burglary in the second degree in St. Louis County Court on November 26, 2010, pursuant to § 4A1.1(b). Movant was additionally assessed one prior history point for a conviction for felony unlawful use of a weapon on June 2, 2011, in St. Louis City Court, pursuant to § 4A1.1(c). Movant was again given one (1) prior criminal history point for conviction of one count of felony possession of a controlled substance and two counts of felony possession of a firearm, pursuant to § 4A1.1(c).

In asserting that his sentence should not be enhanced based on a prior non-violent criminal offense, movant also appears to be arguing that he is entitled to relief under the Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3] In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACA"), 18 U.S.C. § 924(e), was void for vagueness. The Supreme Court decided *Johnson* on June 26, 2015. *Johnson* does not apply to movant as he was not sentenced under the Armed Career Criminal Act. Moreover, any claims movant wanted to bring in his § 2255 under *Johnson* would have had to have been brought no later than October 23, 2016, or within one year of the date of the time in which he was sentenced.[4]

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that ground one of movant's motion appears to be time-barred under 28 U.S.C. § 2255(f) and is subject to summary dismissal. As a result, the Court will order movant to show cause why this action should not be summarily dismissed as time barred.

---

[3] In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court determined that the advisory sentencing guidelines, including U.S.S.G.'s § 4B1.2(a)'s residual clause, are not subject to void for vagueness challenges under the Due Process Clause of the Constitution. *See Beckles*, 137 S. Ct. 886, 892 (2017).

[4] The earliest movant could be said to have raised his arguments under *Johnson* was when movant placed his § 2241 motion in the prison mail system on June 9, 2017, which would make his motion to vacate more than one year late.

Prior to doing so, however, the Court will address the remaining grounds of movant's motion to vacate.

**B.  Movant's § 2241 Claims Are Subject to Dismissal**

Movant asserts that he would like his remaining time in custody to be spent in federal prison, and he asks for his state sentences in Docket Nos. 1422-CR00112-01 and 1522-CR01777-01 to run concurrent with all other cases.

Despite the plain wording of his federal sentence in *United States v. Ward*, No. 4:15CR38 AGF (E.D. Mo.), he claims that his federal sentence was not supposed to run consecutive to his "non-imposed" state sentence."[5]  In his request for relief, movant asks for all sentences to run concurrent, and he seeks to have his federal jail time credited.

The Court has reviewed movant's prior § 2241 case before this Court. *See Ward v. Bureau of Prisons*, 4:17-CV-1673 JCH (E.D. Mo.). In that case, he contended that his "jail time" was not credited by the Bureau of Prisons in his "confinement towards his sentence."[6]

The Court notes that these issues are not properly cognizable in a § 2255 motion. Rather, claims challenging the execution of one's sentence are more properly brought pursuant to 28

---

[5]  The Judgment entered on October 13, 2015, plainly states, "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 70 months. This term consists of a term of 70 months on each of Counts 1and 2, all such terms to be served concurrently. This sentence shall run consecutive to any sentences imposed in Circuit Court, St. Louis, Missouri, under Docket Nos. 1422-CR00112-01 and 1522-CR01777-01."

[6]  The state court judgment in Docket No. 1422-CR00112-01 entered on October 13, 2015, states, "The Court further Orders 362 days Jail Credit." The jail credit referred to in the state court order includes the time he was solely in state custody in No. 1422-CR00112, as well as when he was remanded to federal custody between the dates of February 11, 2015 and October 13, 2015.

U.S.C. § 2241. *See Hodge v. United States*, 554 F.3d 372, 374 (3d Cir. 2009); *United States v. Williams,* 158 F.3d 736, 737–40 (3d Cir. 1998).

Additionally, because the State of Missouri had primary jurisdiction over movant when he was transferred to the Federal Court in his Federal criminal action in *United States v. Ward*, No. 4:15CR38 AGF (E.D. Mo), it matters not that this Court was the first to sentence movant. *See United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008); *see also*, 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the **official detention facility** at which the sentence is to be served.") (emphasis added); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims). Thus, because movant began his time in Missouri state custody to begin with, he had to start serving his Missouri state sentence of five (5) years' imprisonment in the Missouri Department of Corrections ("MDOC") on his conviction for revocation of probation prior to the time he could start serving his federal sentence in 4:15CR38 (E.D. Mo.).[7] This Court is unable to designate the BOP as the place at which movant serves his sentence, as it did not have primary jurisdiction at the time of movant's initial arrest.

Accordingly,

---

[7] The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why this action should not be dismissed as time-barred and non-cognizable.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, this action will be dismissed without further proceedings.

Dated this 23rd day of January, 2018.

                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE